**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Morris HAUGHTON, Defendant–
Appellant.**

No. 06–20204
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 13, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

John Riley Friesell, Bellaire, TX, for Defendant–Appellant.

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM: *

Morris Haughton appeals the district court's revocation of his supervised release

imposed following his convictions of possession with intent to distribute crack cocaine (Count 1) and being a felon in possession of a firearm (Count 2). As a result of the revocation, Haughton was sentenced to 12 months of imprisonment.

Haughton argues that the district court lacked jurisdiction to revoke his supervised release because both of his supervised release terms had expired before the district court revoked them. He contends that although 18 U.S.C. § 3583(i) allows for such a revocation as long as the warrant petition is issued before the supervised release term expires, § 3583(i) was enacted after he committed the offense in 1990 and cannot be applied retroactively to his case. Haughton does not challenge the revocation of his supervised release on any other ground.

Haughton misstates the facts of his case. His five-year supervised release term for Count 1 does not expire until September 23, 2007, and thus it was still ongoing when the district court revoked his supervised release on January 3, 2006. Therefore, the issue whether the district court had jurisdiction under § 3583(i) to revoke Haughton's supervised release is irrelevant and meritless.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.